HOUSEHOLD FINANCE CORPORATION, A CORPORATION, PROSECUTOR, v. THE STATE BOARD OF TAX APPEALS OF THE STATE OF NEW JERSEY AND THE CITY OF NEWARK, NEW JERSEY, DEFENDANTS.

Submitted October 1, 1940—Decided May 6, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Charles C. Trelease.*

For the respondent City of Newark, *Vincent J. Casale, J. A. Ward* and *James F. X. O'Brien.*

The opinion of the court was delivered by

CASE, J.   A judgment of the State Board of Tax Appeals is before us for review.

Prosecutor is a Delaware corporation, with executive offices in Chicago, Illinois, and is engaged in the City of Newark, as well as elsewhere, in the small loan business. In the City of Newark it operates from three local offices. For the assessing year 1938 it held unsecured loans receivable at its Newark offices in the aggregate amount of $190,963.25, together with a small cash balance and office furniture and equipment. Prosecutor filed a return to the assessing officers setting forth a debt owing by the prosecutor to a resident creditor on the assessment date in the amount of $260,000. The assessment levied under *R. S.* 54:4-19 for the personal property tax was in the sum of $197,400. Prosecutor claimed, by virtue of the above mentioned return, that under *R. S.* 54:4-14 it was entitled to a deduction for that debt. The local assessors refused to make the deduction. The County Board of Taxation, on appeal, reduced the assessment to $10,000. An appeal by the municipality to the State Board of Tax Appeals resulted in a reversal of the finding of the County Tax Board and a restoration of the original assessment. The State Board based its determination upon the grounds, first, that foreign corporations were not within the purview of the statutory provision for reductions and, second, that if they were, the debt in question should not, under the facts of the case, be deducted, and among the reasons advanced why, under the facts of the case, the deduction should not be allowed was the stated failure on the part of the prosecutor to comply with section 303, of chapter 236, *Pamph. L.* 1918 (*R. S.* 54:4-14) in that the statement of claim filed by prosecutor with the city did not set forth "the total amount of personal property of the claimant," as required by the section, but only its tangibles, cash and loans receivable in this state. We think

that the position secondly taken by the board is well grounded in the statute and in our cases and should prevail; wherefore we find it unnecessary to consider other points, whether presented in the opinion of the board or briefed before us.

The pertinent statutory provision with respect to the deduction is set forth in 54:4-14 of the Revised Statutes as follows: "After making the valuation of the personal property for which a person shall be assessed the assessor may deduct therefrom all debts *bona fide* due and owing from such persons to creditors residing in the state, but no such deduction shall be made unless the debtor shall make claim therefor in writing under oath and therein set forth the debts owing by him, when incurred, to whom owing and where the creditor resides, the total amount of personal property of the claimant, including debts owing to him from solvent debtors * * *."

The conclusion of the State Board that foreign corporations are not within the intent of the act is, in our opinion, contrary to the reasoning and the findings in *Household Finance Corp.* v. *State Board of Tax Appeals,* 119 *N. J. L.* 230, which we feel constrained to follow to this conclusion: that the tax imposed by *R. S.* 54:4-19 (formerly, with *R. S.* 54:4-18, having been section 305 of chapter 236, *Pamph. L.* 1918) is not in the nature of a franchise imposition but is a tax on the property of the corporation and, this being so, that a foreign corporation is entitled to the same treatment as a domestic corporation in like circumstances. But neither a domestic corporation nor an individual in like circumstance would be entitled to the deduction, and this because of failure to file in writing under oath a statement of the total amount of personal property of the claimant. Chapter 487, *Pamph. L.* 1866, in section 20, at page 1087, provided "that after making the valuation of the real and personal estate for which any individual shall be assessed, it shall be lawful for the assessor or for the commissioners of appeal in cases of taxation to deduct from such valuation any debt or debts *bona fide* due and owing from such individual to creditors residing within this state; provided, that no deduction shall be made * * * unless such individual shall make and sign a true statement in writing, under oath or affirmation, * * *

and also a statement of the total amount of real estate and of personal property of such individual, including mortgages held and other debts due and owing to such individual from solvent debtors  *  *  *." It will be seen that, except for the omission of real estate, references to mortgages and the like, the statute of 1866 is much the same as *R. S.* 54:4-14 under which we are now operating. Indeed the latter statute is the present form of the original enactment brought down to us in the following chain of statutory enactment and publication: chapter 487, section 20, *Pamph. L.* 1866; *Nixon's Digest* (*4th ed.*) 955, *plac.* 102, § 20; *Revision* 1877, *p.* 1157, *plac.* 78, § 20; *General Statutes, p.* 3298, *plac.* 80, § 20; 4 *Comp. Stat., p.* 5094, § 13; *chapter* 236, *section* 303, *Pamph. L.* 1918; 1924 *Supplement* 208-66d (303); *R. S.* 54:4-14.

The Court of Errors and Appeals passed upon the statute of 1866 in *Tatem et al.* v. *McChesney, Collector, &c.,* 35 *N. J. L.* 548, opinion by Chancellor Zabriskie, which, in supporting the action of the assessor and refusing to make a deduction in the absence of a statutory statement, said: "The prosecutors contend that, although the words of the twentieth section of the act of 1866, literally taken, require that an account of all their property, both in and out of the state, should be given, yet that such was not and could not have been the intention of the legislature—that such an account could be of no use for the objects of the act, and therefore the words must be restrained to property within the state, as this would be sufficient for these objects.  *  *  *  I think I can conceive of and specify a case which such return by a non-resident would be useful and proper to determine the propriety of a deduction for debts. Yet, were no such case conceivable as a rule of construction, it is clear that courts have no power to dispense with clear and positive directions of a statute because the usefulness of such directions does not appear, and because they occasion unnecessary trouble."

Admittedly, the information referred to has not been given. We decide, therefore, that the judgment of the State Board of Tax Appeals should be affirmed, with costs to the appearing defendant, the City of Newark.